UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIE TAMARA THOMAS,

                               Plaintiff,          Civil Action No.:

       -against-                               11 Civ. 1490 (LLS)(ECF)

THE HARTFORD LIFE INSURANCE COMPANY
OF AMERICA, THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF           DOCUMENT
JPMORGAN CHASE BANK, and, JPMORGAN       ELECTRONICALLY FILED
CHASE BANK, INC.,

                               Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

                              SEDGWICK LLP
                              *Attorneys for Defendants*
                              125 Broad Street, 39th Floor
                              New York, New York 10004
                              Telephone: (212) 422-0202
                              Facsimile:  (212) 422-0925
                              (Sedgwick File No. 02489-000122)

*Michael H. Bernstein*
*Matthew P. Mazzola*
    *Of Counsel*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

PLAINTIFF'S COMPLAINT .................................................................................................... 3

STANDARD ON A MOTION TO DISMISS .......................................................................... 4

ARGUMENT .............................................................................................................................. 5

    POINT I:
    THOMAS'S ONLY LEGALLY COGNIZABLE CAUSE OF ACTION IN
    THIS MATTER IS FOR LTD BENEFITS UNDER ERISA §502(a)(1)(B) ................... 5

        A.    There Is No Private Right Of Action Under ERISA §503,
              29 U.S.C. §1133 ................................................................................................ 5

        B.    There Is No Private Right Of Action Under 29 U.S.C.§1104(a)(1)(D) ........... 6

        C.    Hartford's Third Cause of Action Fails to State a Cause of Action
              Upon Which Relief May Be Granted. ............................................................. 7

    POINT II:
    THOMAS'S ERISA §502(A)(3) CAUSE OF ACTION MUST BE DISMISSED
    AS AGAINST ALL DEFENDANTS ............................................................................... 7

        A.    Thomas Fails to State a Cause of Action Against Any Defendant for
              Relief Under ERISA §502(a)(3). ..................................................................... 7

        B.    Thomas's Claims for Relief Under ERISA §502(a)(3) are Improper
              as Against All Defendants. ............................................................................... 8

    POINT III:
    ALL OF THOMAS'S CAUSES OF ACTION AGAINST CHASE SHOULD
    BE DISMISSED AS A MATTER OF LAW BECAUSE CHASE IS NOT A
    PROPER PARTY DEFENDANT AND BECAUSE THE COMPLAINT
    FAILS TO PROVIDE ANY FACTUAL SUPPORT FOR THESE CLAIMS ............. 10

        A.    An Employer is not a Proper Party in an ERISA Lawsuit Concerning
              a Participant's Claim for Benefits. ................................................................. 10

        B.    Thomas Fails to State a Cause of Action Upon Which Relief May
              be Granted Against Chase. ............................................................................ 11

CONCLUSION ........................................................................................................................ 11

NY/694375v2

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200(2004) ................................................................................................................. 5, 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (U.S. 2009) ..................................................................................................... 4, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 4, 11

*Chapman* v. *ChoiceCare Long Island Term Disability Plan*,
   288 F.3d 506 (2d Cir. 2002) .......................................................................................................10

*Crocco* v. *Xerox Corp.*,
   137 F.3d 105 (2d Cir. 1998) .......................................................................................................10

*Del Greco* v. *CVS Corp.*,
   354 F. Supp. 2d 381 (S.D.N.Y. 2005) .......................................................................................10

*Devlin* v. *Empire Blue Cross & Blue Shield*,
   274 F.3d 76 (2d Cir. 2001) ..........................................................................................................8

*Frommert* v. *Conkright*,
   433 F.3d 254 (2d Cir. 2006) *rev'd on other grounds* 130 S.Ct. 1640 (2010) .............................8

*Klecher v. Metropolitan Life Insurance Co.*,
   331 F.Supp.2d 279 (S.D.N.Y. 2004) *aff'd* 167 Fed.Appx. 287 (2d Cir. 2006) ..................... 8, 9

*Leonelli* v. *Pennwalt Corp.*,
   887 F.2d 1195 (2d Cir. 1989) .....................................................................................................10

*Mead v. Arthur Anderson LLP*,
   309 F.Supp.2d 596 (S.D.N.Y. 2004) ...........................................................................................9

*Mertens v. Hewitt Associates*,
   508 U.S. 248(1993) .....................................................................................................................5

*Nechis v. Oxford Health Plans, Inc.*,
   421 F.3d 96 (2d Cir. 2005) ..........................................................................................................8

*Pilot Life Ins. Co.* v. *Dedeaux*,
   481 U.S. 41 (1987) ......................................................................................................................6

*Ranno v. Hartford Life and Acc. Ins. Co.*,
    2010 WL 2194526 (S.D.N.Y. 2010) .................................................................... 4, 8, 10

*Rubio v. Chock Full O'Nuts Corp.*,
    254 F.Supp.2d 413 (S.D.N.Y. 2003) ............................................................................ 9

*Schlenger* v. *Fidelity Employer Servs. Co.*,
    No. 09-cv-3896(CS), 2011 WL 1236156 (S.D.N.Y. Mar. 31, 2011) ............................ 9

*Varity Corp.* v. *Howe*,
    516 U.S. 489 (1996) ............................................................................................. 8, 9, 10

*Wilkins* v. *Mason Tenders Dist. Council Pension Fund*,
    445 F.3d 572 (2d Cir. 2006) ......................................................................................... 9

**Statutes**

29 U.S.C §1132(a)(1)(B) ........................................................................................................ 5

29 U.S.C.§1104(a)(1)(D) ....................................................................................................... 6

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ................................................ 1, 2, 3, 5, 6, 7, 8, 9, 10

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ............................................................ 1, 2, 3, 7, 8, 9, 11

ERISA §502(a)(5), 29 U.S.C. §1132(a)(5) ............................................................................ 6

ERISA §503, 29 U.S.C. §1133 ...................................................................................... 5, 6, 10

ERISA §504(a), 29 U.S.C. §1134(a) ..................................................................................... 6

FED. R. CIV. P. 12(b)(6) ................................................................................................ 1, 2, 4, 11

FED. R. CIV. P. Rule 8 ........................................................................................................ 11

FED. R. CIV. P. Rule 8(a)(2) ................................................................................................. 4

NY/694375v2

## PRELIMINARY STATEMENT

Defendants, the Hartford Life and Accident Insurance Company i/s/h/a Hartford Life Insurance Company of America ("Hartford"), the Group Long Term Disability Plan for Employees of JPMorgan Chase Bank, and JPMorgan Chase Bank, N.A. i/s/h/a JPMorgan Chase Bank, Inc. ("Chase") (collectively "Defendants"), respectfully submit this Memorandum of Law in support of their motion pursuant to Rule 12(b)(6), FED. R. CIV. P., for an order dismissing the plaintiff Marie Tamara Thomas's ("Thomas") five improper causes of action against Hartford that fail to state a claim for which relief can be granted; dismissing Thomas's improper claim for relief under ERISA §502(a)(3); and dismissing all of Thomas's claims against Chase with prejudice, because Chase is not a proper defendant in this matter and because Thomas fails to state a cause of action upon which relief can be granted against Chase.

In 2009, Thomas was an employee of Chase and as such, she was eligible to enroll as a participant in its Group Long Term Disability Insurance Plan for Employees of JPMorgan Chase Bank (the "Plan"). Benefits under the Plan were funded by a group policy of insurance issued by Hartford, which also acted as the Plan's claim administrator. Thomas applied for long-term disability ("LTD") benefits under the Plan, claiming to be disabled as that term is defined in the Plan. After a thorough review of Thomas's submissions, however, Hartford denied Thomas' claim for LTD benefits by letter dated October 8, 2009. That determination was later upheld by Hartford on administrative appeal. Thomas then commenced the instant lawsuit, seeking declaratory and compensatory relief under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). Specifically, Thomas alleges that she was disabled under the terms of the LTD Plan and thus, is entitled to an award of all benefits.

Since Thomas is seeking an award of Plan benefits, her only legally cognizable cause of action is under ERISA §502(a)(1)(B). Thomas's Complaint, however, improperly sets forth five

1

other causes of action, all of which fail to state a proper cause of action against Hartford. It is respectfully requested that this Court issue an order dismissing these five improper causes of action against Hartford and permit only Thomas's claim for relief under ERISA §502(a)(1)(B) to proceed.

Thomas also improperly asserts a claim for equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). Thomas's ERISA §502(a)(3) cause of action must be dismissed because she fails to provide any factual support showing entitlement to the relief requested.  In addition, it is well-settled that relief under ERISA §502(a)(3) is not "appropriate" where the relief sought is not distinct from, and is merely duplicative of, plaintiff's claim under ERISA §502(a)(1)(B). Thomas's ERISA§502(a)(3) cause of action requests either remand or her claim for further consideration of an award of all Plan benefits, which are both available forms of relief under ERISA §502(a)(1)(B). Therefore, Thomas's cause of action for "other appropriate equitable relief" is redundant of her ERISA§(a)(1)(B) claim, and as such, her ERISA§502(a)(3) must be dismissed.

In addition to the foregoing, Thomas asserts an improper claim against her employer, Chase, which is not a proper party to this action herein. Indeed, it is well settled in this Circuit that employers are not proper party defendants in lawsuits involving judicial review of an adverse ERISA benefit claim determination.  Moreover, Thomas's Complaint fails to assert or set forth any factual basis for any cognizable cause of action or theory of relief against Chase.  Thus, all of Thomas's claims against Chase must be dismissed with prejudice.

It is therefore respectfully requested that this Court issue an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Thomas's five improper causes of action against Hartford, dismissing Thomas's improper cause of action against all Defendants under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3); and dismissing all of Thomas's claims against Chase, with prejudice, because all of these causes of action fail to state a claim upon which relief can be granted and because Chase is not a proper party defendant.

NY/694375v2

## PLAINTIFF'S COMPLAINT

Thomas started working for Chase in 2002. (Declaration of Michael H. Bernstein dated April 28, 2011, Ex. A, ¶¶2, 8 (hereinafter "Complaint")). As a result of her employment with Chase, Thomas was eligible to and did enroll as a participant in the Chase LTD Plan. (Complaint, ¶13). Benefits under the Plan were funded by a group policy of insurance, policy number GLT 675174 issued by Hartford (the "Policy"). (Complaint, ¶9). In 2009, Thomas applied for and received STD benefits from Hartford. (Complaint, ¶27). Thomas then applied for LTD benefits under the Plan. (Complaint, ¶28). Hartford denied Thomas's claim for LTD benefits and advised her of this determination by letter dated October 8, 2009. (Complaint, ¶28). Upon receipt of Hartford's adverse determination letter, Thomas administratively appealed Hartford's initial denial of her claim. (Complaint, ¶28). By letter dated February 2, 2010, Thomas was advised that Hartford's Appeals Unit had upheld the initial adverse benefit determination. (Complaint, ¶30)

In her complaint, Thomas alleges that she is entitled to LTD benefits under the Plan because she was disabled under the terms of the Plan. (Complaint, ¶Demand for Relief). Specifically, Thomas seeks declaratory and compensatory relief pursuant to ERISA §502(a)(1)(b), 29 U.S.C.§1132(a)(1)(B), and ERISA §502(a)(3), 29 U.S.C.§1132(a)(3). Thomas also alleges the following purported violations of ERISA statutes as separate causes of action: (1) Hartford performed a faulty investigation and biased analysis of her claim; (2) Hartford improperly added an occupational term to the Policy; (3) Hartford utilized improper descriptions of her occupation; (4) Hartford failed to properly investigate or consider the Essential Duties of her own Occupation; and (5) Hartford improperly concluded that Thomas was not entitled to LTD benefits because her job was sedentary. (Complaint, ¶¶31, 36, 38, 39, 41, 43).

Thomas's Complaint fails to allege any cause of action against Chase, in any capacity, although it is named as a party in the caption. (Complaint).

## **STANDARD ON A MOTION TO DISMISS**

FED. R. CIV. P. Rule 8(a)(2) sets forth a baseline requirement that all pleadings include a "short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court has held that this requires plaintiff's complaint to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pursuant to FED. R. CIV. P. Rule 12(b)(6), a district court should dismiss a complaint that fails to "state a claim upon which relief can be granted." Although the district court must liberally construe plaintiff's claims and draw all reasonable inferences in favor of the plaintiff when deciding such a motion, this principle is inapplicable to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (U.S. 2009). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. The plaintiff must actually show, through well-pled factual support, that the allegations in the complaint are entitled to the assumption of truth. *Id.* at 1949-50.

Furthermore, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 1949; *Ranno v. Hartford Life and Acc. Ins. Co.*, 2010 WL 2194526, *2 (S.D.N.Y. 2010). A claim has requisite "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard differs from a "probability requirement," it still requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* In such cases, the court should dismiss the complaint for failing to state a cause of action under FED. R. CIV. P. Rule 12(b)(6).

# ARGUMENT

## POINT I

### THOMAS'S ONLY LEGALLY COGNIZABLE CAUSE OF ACTION IN THIS MATTER IS FOR LTD BENEFITS UNDER ERISA §502(a)(1)(B)

In her Complaint, Thomas generally seeks declaratory and compensatory relief under ERISA §502(a)(1)(B).[1] (Complaint, ¶3). Specifically, Thomas requests that the Court order Hartford to pay her LTD claim for benefits under the Plan or, in the alternative, remand her claim back to Hartford for a further consideration pursuant to Plan terms. (Complaint, ¶4). Under ERISA §502(a)(1)(B), "[a]civil action may be brought…(1) by a participant … (B) to recover benefits due to him under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." *See* 29 U.S.C §1132(a)(1)(B). Thomas's Complaint fails to sufficiently allege a factual basis showing her entitlement to Plan LTD benefits under 502§(a)(1)(B). Instead, she improperly asserts five separate causes of action, which essentially allege that Hartford did not perform a full and fair review of her claim. (Complaint¶¶31, 36, 38, 39, 41, 43). Despite Thomas's improper pleading of these five separate and distinct cause of action, the only legally cognizable cause of action to redress these various allegations (which Hartford denies) is under ERISA §502(a)(1)(B). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 206(2004).

### A.   There Is No Private Right Of Action Under ERISA §503, 29 U.S.C. §1133.

Thomas's first, fourth and fifth causes of action in her Complaint indicate that Hartford violated ERISA §503, 29 U.S.C. §1133, by failing to provide a full and fair review of her claim for Plan LTD benefits. (Complaint¶¶31, 36, 38, 39, 41, 43). ERISA §503, 29 U.S.C. §1133 "requires every employee benefit plan to comply with [DOL] regulations on giving notice to any participant or

---

[1] Thomas does not allege a specific cause of action under ERISA §502(a)(1)(B), but rather, makes a general request for compensatory and declaratory relief under ERISA §502(a)(1)(B). (Complaint, ¶3). ERISA, however, does not provide for compensatory damages. *Mertens v. Hewitt Associates*, 508 U.S. 248, 255-257(1993).

5

NY/694375v2

beneficiary whose claim for benefits has been denied and affording a reasonable opportunity for review of the decision denying the claim." *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41, 53 (1987). But ERISA §503 does not provide a private right of action for alleged violations of ERISA §503, 29 U.S.C. §1133.

Indeed, ERISA's exclusive remedial scheme can be found only in ERISA §502(a), 29 U.S.C. §1132(a). *See Pilot Life Ins. Co.*, 481 U.S. at 54. Congress vested the DOL with authority to investigate violations of ERISA §503 and to enjoin those violations. *See* ERISA §504(a), 29 U.S.C. §1134(a) (granting authority to DOL to make investigations); ERISA §502(a)(5), 29 U.S.C. §1132(a)(5) (authorizing the DOL to redress violations of ERISA §503). But, it does not provide a private right of action based solely on claims that the regulations were violated. Rather, such allegations can only be vindicated under an ERISA §502(a)(1)(B) action. Thus, Thomas's first, fourth and fifth causes of action are improper and must be dismissed.

B.  **There Is No Private Right Of Action Under 29 U.S.C.§1104(a)(1)(D).**

Thomas's second cause of action in her Complaint alleges that Hartford violated 29 U.S.C. §1104(a)(1)(D), by improperly adding an "occupational term" to the Policy. (Complaint, ¶36). Essentially, Thomas is arguing that based on this alleged procedural irregularity, she is entitled to a remand or an award of all Plan benefits. (Complaint, ¶36). However, as referenced above, the only legally cognizable cause of action to redress an alleged procedural irregularity is under ERISA §502(a)(1)(B). *See Davila*, 542 U.S. at 206; *see also Pilot Life Ins. Co.*, 481 U.S. at 54. Indeed, there is no private right of action under 29 U.S.C. §1104(a)(1)(D), and the exact relief Thomas is seeking is fully available under ERISA §502(a)(1)(B).

6

### C. Hartford's Third Cause of Action Fails to State a Cause of Action Upon Which Relief May Be Granted.

Thomas's third cause of action in her Complaint alleges that Hartford improperly utilized incorrect descriptions of her occupation. (Complaint, ¶39). However, Thomas does not even attempt to allege that a private right of action based exclusively on this claim exists, as it would be futile. Again, as with her other four causes of action alleged in her complaint, Thomas is essentially alleging she is entitled to an award of benefits or a remand, since Hartford failed to provide a full and fair review of her claim. Therefore, this alleged procedural irregularity can be fully redressed under an ERISA §502(a)(1)(B) action. Thus, Thomas's third cause of action must be dismissed.

Accordingly, the only claim that Thomas may allege against Hartford is pursuant to ERISA §502(a)(1)(B). Thomas's five other separate causes of action are based on allegations of unspecified violations that do not individually provide for a private right of action. It is therefore respectfully requested that this Court issue an Order dismissing all of Thomas's causes of action other than her cause of action based on ERISA §502(a)(1)(B).

### POINT II

### THOMAS'S ERISA §502(a)(3) CAUSE OF ACTION MUST BE DISMISSED AS AGAINST ALL DEFENDANTS

### A. Thomas Fails to State a Cause of Action Against Any Defendant for Relief Under ERISA §502(a)(3).

In her Complaint, Thomas makes a general claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), which permits ERISA Plan participant's to bring a claim for "other appropriate equitable relief." (Complaint, ¶3). Thomas's claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) is fatally deficient since her Complaint only seeks "declaratory and compensatory" relief, without any mention of equitable relief. (Complaint, ¶3). Furthermore, Thomas's ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) claim is insufficient as a matter of law because she fails to allege the "other appropriate

7

equitable relief" she is seeking and why she is entitled to such relief. As referenced above, to survive a Motion to Dismiss, Thomas is required to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009). Here, Thomas's Complaint fails to offer any factual showing of why the Defendants' alleged misconduct warrants an award of "other appropriate equitable relief" under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), nor does she specifically request such relief. Moreover, Thomas fails to mention what "other equitable relief" she is actually seeking in order to determine if it actually is distinct from the relief requested in her first cause of action under ERISA §502(a)(1)(B). Thomas's claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) must, therefore, be dismissed.

**B.     Thomas's Claims for Relief Under ERISA §502(a)(3) Are Improper as Against All Defendants.**

The Supreme Court has held that ERISA §502(a)(3) is a "catchall" provision, which "offer[s] appropriate equitable relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy." *Varity Corp.* v. *Howe*, 516 U.S. 489, 512 (1996); *Klecher v. Metropolitan Life Insurance Co.*, 331 F.Supp.2d 279, 286 (S.D.N.Y. 2004) *aff'd* 167 Fed.Appx. 287 (2d Cir. 2006). Courts in this Circuit have held that if a plaintiff seeks relief under ERISA §502(a)(3), the reviewing Court must consider whether the plaintiff could have pursued an alternative and effective remedy under ERISA §502(a)(1)(B). *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005); *Ranno v. Hartford Life and Accident Insurance Co.*, 2010 WL 2194526, 4 (S.D.N.Y. 2010). While it is possible for a plaintiff to contemporaneously allege both an ERISA §502(a)(3) claim and a §502(a)(1)(B) claim in the same action, these allegations must demonstrate that the relief under ERISA §502(a)(1)(B) is inadequate to redress the ERISA §502(a)(3) claim. *See Frommert* v. *Conkright*, 433 F.3d 254, 272 (2d Cir. 2006) *rev'd on other grounds* 130 S.Ct. 1640 (2010); *Devlin* v. *Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d Cir. 2001). Indeed, a claim under ERISA §502(a)(3) is not appropriate where the relief sought is not distinct from and is merely duplicative of a plaintiff's claim for benefits under

8

ERISA 502 §(a)(1)(B). *Mead v. Arthur Anderson LLP*, 309 F.Supp.2d 596, 598 (S.D.N.Y. 2004). Thus, where (as here) plaintiff simply disputes the denial of a claim for LTD Plan benefits, her claim may only be vindicated under ERISA §502(a)(1)(B) and, thus, claims seeking equitable relief under ERISA§502(a)(3) are improper and subject to dismissal. *Klecher v. Metropolitan Life Insurance Co.*, 331 F.Supp.2d 279, 286-288 (S.D.N.Y. 2004) *aff'd* 167 Fed.Appx. 287 (2d Cir. 2006); *Rubio v. Chock Full O'Nuts Corp.*, 254 F.Supp.2d 413, 431-32 (S.D.N.Y. 2003).

The Supreme Court in *Varity*, 516 U.S. at 515, ruled "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *See Wilkins* v. *Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 583 (2d Cir. 2006). Thus, if Thomas seeks relief under ERISA 502(a)(3), 29 U.S.C. §1132(a)(3), she must identify the relief she seeks under this section that is not available under ERISA §502(a)(1)(B). *See Schlenger* v. *Fidelity Employer Servs. Co.*, No. 09-cv-3896(CS), 2011 WL 1236156, *15 (S.D.N.Y. Mar. 31, 2011).

Here, Thomas is challenging Hartford's adverse determination concerning her claim for LTD benefits under the Plan. (Complaint, ¶2, 28, 30). Specifically, in her Complaint, Thomas challenges Hartford's adverse determination and requests that this Court Order Hartford to pay those benefits or remand the matter for a further review pursuant to Plan terms. (Complaint, ¶¶ 4, 31, 36, 38, 39, 41, 43). However, Thomas does not allege that she was injured in any other way, nor does she submit any facts supporting a different, independent cause of action in her complaint. Indeed, Thomas does not allege that the relief she seeks under ERISA §502(a)(3) is any different from the relief sought under her ERISA §502(a)(1)(B) claim. Thomas does not provide any reason that ERISA §502(a)(1)(B) does not provide an adequate remedy or explain what other relief she seeks that is not redressable under this section. Accordingly, Thomas's claim can be fully satisfied under ERISA §502(a)(1)(B) and thus, her claim for unspecified "other equitable relief" under

9

ERISA §503(a)(3) must be dismissed, because it would not be "appropriate." *See Varity*, 516 U.S. at 515.

### POINT III
### ALL OF THOMAS'S CAUSES OF ACTION AGAINST CHASE SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE CHASE IS NOT A PROPER PARTY DEFENDANT AND BECAUSE THE COMPLAINT FAILS TO PROVIDE ANY FACTUAL SUPPORT FOR THESE CLAIMS

A.   **An Employer is not a Proper Party in an ERISA Lawsuit Concerning a Participant's Claim for Benefits.**

As referenced above, Point I & II, *infra*, Thomas's only legally cognizable cause of action is a claim for LTD benefits under ERISA §502(a)(1)(B). In such cases, an employer, such as Chase, is not a proper party defendant. *See Leonelli* v. *Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989); *see also Ranno v. Hartford Life and Acc. Ins. Co.,* 2010 WL 2194526, 4 (S.D.N.Y. 2010). It is well settled in this Circuit that "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Leonelli* v. *Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989); *see also Chapman* v. *ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509-10 (2d Cir. 2002); *Crocco* v. *Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998); *Del Greco* v. *CVS Corp.*, 354 F. Supp. 2d 381, 384 (S.D.N.Y. 2005). Most recently in *Ranno,* the District Court reaffirmed this principle, holding that an employer is not a proper party to an ERISA claim for benefits. 2010 WL 2194526, 4 (S.D.N.Y. 2010).

Here, Thomas improperly named her employer, Chase, as a defendant in this action that only seeks recovery of unpaid LTD benefits under the Plan. (Complaint, ¶4). Moreover, Thomas's Complaint does not specify any relief it seeks from Chase, in any capacity, but rather, exclusively seeks payment of benefits from Hartford. (Complaint, ¶4). Accordingly, Thomas's Complaint as against Chase must be dismissed in its entirety and with prejudice.

10

B. **Thomas Fails to State a Cause of Action Upon Which Relief May be Granted Against Chase.**

Thomas's Complaint fails to allege *any* factual support regarding her claims against Chase. Indeed, the Complaint fails to include any specific claims against Chase and does not indicate any relief that she is allegedly entitled to receive from Chase. In fact, the only relief requested in the Complaint is that Hartford pay all benefits or reconsider Thomas's claim on remand. (Complaint, ¶4). These claims against Chase are insufficient as a matter of law and must be dismissed. *See* Rule 8, FED. R. CIV. P.; *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

## CONCLUSION

For the foregoing reasons, this Court should issue an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Thomas's five improper causes of action against Hartford; dismissing the her improper cause of action against all Defendants under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3); and dismissing all of Thomas's claims as against Chase with prejudice because the she failed to state a cause of action upon which relief can be granted and because Chase is not a proper party defendant.

Dated: New York, New York
April 28, 2011

Respectfully Submitted,

s/_____
MICHAEL H. BERNSTEIN (MB 0579)
MATTHEW P. MAZZOLA (MM7427)
SEDGWICK LLP
*Attorneys for Defendants*
125 Broad Street, 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(Sedgwick File No. 02489-000122)

11

NY/694375v2

## CERTIFICATE OF SERVICE

I, MATTHEW P. MAZZOLA, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS** was served via ECF and Regular Mail on this 28th day of April 2011, upon the following:

>Robert J. Bach, Esq.
>60 East 42nd Street
>40th Floor
>New York, New York 10165

>s/_____
>MATTHEW P. MAZZOLA (MM 7427)

Dated:   New York, New York
         April 28, 2011