UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MARIE TAMARA THOMAS

                PLAINTIFF

against

THE HARTFORD LIFE INSURANCE COMPANY
OF AMERICA, THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF
JPMORGAN CHASE BANK, and,
JPMORGAN CHASE BANK, INC.

                DEFENDANTS

-----------------------------------------------------------------X

Index No.:
11 Cv 1490 (LS)

ECF CASE

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-687-2123(Fax)
rjbachesq@hotmail.com
Attorney for Plaintiff

## TABLE OF CONTENTS

TABLE OF AUTHORITIES     ii

PRELIMINARY STATEMENT     1

THOMAS'S CAUSES OF ACTION IN THIS MATTER ARE FOR     1
LTD BENEFITS UNDER ERISA SECTION 502(a)(1)(B) AND
ARE PROPERLY BEFORE THIS COURT.

A.    Defendants' failure to provide a "full and fair" review     2
      of Plaintiff's claim was a violation of ERISA and
      a basis to award relief under 502(a)(1)(B).

B.    Defendants' failure to use a document not provided by     4
      the plan to determine her employment was a
      violation of ERISA and a basis to
      award relief under 502(a)(1)(B).

C.    Hartford did not even follow its own procedures     5
      in determining the Essential Duties of Thomas's job.

CONCLUSION     6

# TABLE OF AUTHORITIES.

**Cases.**

*Aetna  Health Inc., v. Davila*, 542 US 200(2004)                                            2

*Crocco v. Xerox*, 956 F. Supp 2d 129 (DC Ct, 1997)                                      3

*Crocco v. Xerox Corp.*, 137 F3d 105 (2d 1998)                                              3

*Firestone v. Bruck*, 489 U.S. 101, 109 S. Ct. 948, (1989)                             4

*Grossmuller v. UAW,* Local 815, 715 F.2d 853 (3d Cir. 1983)                    3

*Kinsler v. First Reliance Standard Life Ins. Co.,*                                             5
      181 F3d 243 (2d Cir.1995)

*Met Life Ins. Co. v. Glenn*, 554 US 105 (2008)                                             3

*O'Shea v. First  Manhattan Co. Thrift Plan & Trust,*                                     5
      55 F.3d 109 (2d Cir. 1995)

**Statutes and Regulations**

ERISA section 404, 29 USC 1104(a)(1)                                                    2,4,5
ERISA section 502(a)(1)(B), 29 USC 1132(a)(1)(B)                             passim
ERISA section 503, 29 USC section 1133                                                2,3,4

US Department of Labor Claims Regulations, 29 CFR 2560.503-1(h)(1)     3

**Other**

Dictionary of Occupational Titles,  US Department of Labor                     4,6

**Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss.**

**Preliminary Statement.**

Defendants' Motion to Dismiss raises issues with regard to the drafting of the Complaint and asks the court to dismiss the five improper causes of action set out in the Complaint against Hartford because they "... fail to state a cause of action for which relief can be granted and "permit only Thomas's claim for relief under ERISA section 502(a)(1)(B) to proceed". Defendants' Memorandum of Law in Support of their Motion to Dismiss, page 2, (hereinafter: "Def. MOL, _ "). Plaintiff does not agree with the Defendants' characterizations with respect to the five allegations in the Complaint. Rather, they all support Plaintiff's claim under 501(a)(1)(B) that Defendants' denial was improper.

The Motion to Dismiss also objects to requesting relief pursuant to Section 502(a)(3) because a complete remedy can be obtained, i.e. the granting of a benefit, pursuant to Section 501(a)(1)(B). Plaintiff concurs and withdraws the 502(a)(3) allegation.

The Motion to Dismiss objects to the naming of JP Morgan Chase Bank ("Chase") as a defendant and the failure of the Plaintiff to make any allegations regarding Chase's conduct. *Id*. Plaintiff concurs and requests the Court's permission to dismiss without prejudice, Chase as a named defendant.

**THOMAS'S CAUSES OF ACTION IN THIS MATTER ARE FOR LTD BENEFITS UNDER ERISA SECTION 502(a)(1)(B) AND ARE PROPERLY BEFORE THIS COURT.**

In the introduction to Point 1 of Defendants' Motion to Dismiss, Defendants state:

Thomas's Complaint fails to sufficiently allege a factual basis showing her entitlement to Plan LTD benefits under section 502(a)(1)B. Instead, she improperly asserts five separate causes of action, which essentially allege that Hartford did not

1

perform a full and fair review of her claim. (Complaint ¶¶ 31, 36, 38, 39, 41, 43)[1]. **Despite Thomas's improper pleading of these five separate causes of action, the only legally cognizable cause of action to redress these various allegations (which Hartford denies) is under ERISA section 502(a)(1)(B).** See *Aetna Health Inc., v. Davila*, 542 US 200,206 (2004).  (Emphasis added).

Def. MOL, 5.  Defendants argue that there is no "private right of action" under ERISA section 29 USC section 1133, involving the First, Fourth, and Fifth Causes of Action or section 29 USC 1104(a)(1)(D) involving the Second Cause of Action. They also argue that Thomas's Third Cause of Action should be dismissed because it fails to state a cause of action upon which relief can be granted. Defendants therefore have requested "that the Court issue an Order dismissing all of Thomas's causes of action other than her cause of action based on ERISA section 502(a)(1)(B)". Def MOL, 7.

Defendants have mis-characterized the five causes of action. Each one of those causes of action is a basis for  Thomas's challenges to the improper denial of her claim for benefits pursuant to section 502(a)(1)(B) of ERISA. They were not asserted in the Complaint as what Defendants have characterized as a "private right of action".

**A.      Defendants' failure to provide a "full and fair review" of Plaintiff's claim was a violation of ERISA and a basis to award relief under 502(a)(1)(B).**

The first, fourth and fifth causes of action allege that for separate reasons Thomas did not receive a full and fair review of her claim, as required by section 29 USC section

---

1.      A copy of the Complaint is attached as Exhibit A to the Declaration of Michael H. Bernstein, which was submitted in support of Defendants' Motion to Dismiss.

1133(2)[2]. Pursuant to these provisions, the Regulations require a substantive full and fair review as well procedural compliance and set the basic principles for determining whether a participant's claim has been fairly adjudicated. 29 CFR 2560.503-1(h)(1)[3].  See *Crocco v. Xerox*, 956 F. Supp 129, 141 (DCCt, 1997) ("As the Third Circuit noted in *Grossmuller [v. UAW,* Local 815, 715 F.2d 853 (3d Cir. 1983)]  full and fair review must be construed not only to allow a pension plan's trustees to operate efficient claims procedures 'but also to protect a plan participant from arbitrary or unprincipled decision-making.' 715 F.2d at 857.)" aff'd, *Crocco v. Xerox Corp.*, 137 F3d 105,108(2d 1998). See also *Met Life Ins. Co. v. Glenn*, 554 US 105,115 (2008). ("ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator,

---

2.  29 USC § 1133 states:

    Claims procedure

    In accordance with regulations of the Secretary, every employee benefit plan shall–

    (1)    provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

    (2)    afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

3.  US Department of Labor Claims Regulations,  29 CFR 2560.503-1(h)(1) states:

    Appeal of adverse benefit determinations. (1) In general. Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

namely, that the administrator 'discharge [its] duties' in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, [29 USC] § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone v. Bruch*, 489 U.S. 101 at 113, 109 S. Ct. 948, (1989) (quoting [29 USC] § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).").

The first cause of action asserts that Thomas's claim was improperly denied because the investigation was faulty and biased. The fourth cause of action asserts that the essential duties of her job were not considered. The fifth cause of action was that Hartford did not analyze how her disability affected her ability to perform the essential duties if her job. The predicate of each of these allegations is that Hartford did not conduct a full and fair review and are to be remedied pursuant to Section 502(a)(1)(B). They are not asserted as independent "private rights of action".

**B.     Defendants' use a document not provided by the plan to determine her employment was a violation of ERISA and a basis to award relief under 502(a)(1)(B).**

In the second cause of action,  the Defendants used the US Department of Labor's Dictionary of Occupational Titles ("DOT"), a source not authorized by the Plan, to determine whether she was disabled from doing the Essential Duties of Her Job. Defendants state that "based on this alleged procedural irregularity, ...[Thomas is arguing that she] ...is entitled to a remand or an award of all Plan Benefits.(Complaint, ¶ 36)". Def

MOL, p. 6). Defendants add that there is no private right of action under 29 USC 1104(a)(1)(D).

Section 29 USC section 1104(a)(1)(D) requires plan fiduciaries to administer the plan in compliance with the plan documents.[4]  By failing to do that they have added a term and condition to the plan. See *Kinsler v. First Reliance Standard Life Ins. Co.*, 181 F3d 243, 249 (2d Cir.1999), quoting, *O'Shea v. First  Manhattan Co. Thrift Plan & Trust, 55 F.3d 109, 112 (2d Cir. 1995)* ("[D]enial is arbitrary and capricious where [a] plan administrator or fiduciary has 'imposed a standard not required by the plan's provisions, or interpreted the plan in a manner inconsistent with its plain words')."

This cause of action is not asserted here as an independent "private right of action". Rather it is a basis for finding that her claim was improperly adjudicated and to be remedied pursuant to Section 502(a)(1)(B).

**C.**   **Hartford did not follow its own procedures in determining the Essential Duties of Thomas's job.**

---

4.  29 USC § 1104 states:

Fiduciary duties

(a) Prudent man standard of care.

(1) Subject to sections 403©) and (d), 4042, and 4044 [29 USCS §§ 1103©), (d), 1342, 1344], a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and–

    \* \* \*

(D)   in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and title IV.

Using the DOT, Hartford could not find a job that matched Mrs Thomas's job in the general economy and then consolidated two jobs listed in the DOT to approximate the Duties of Her Occupation. The results was not relective of her job or "her job in the general workplace" . Defendants also object to this Cause of Action because they claim it fails to state a cause of action upon which relief can be granted.

As with the other objections to the other causes of action, the cause of action is not asserted here as an independent "private right of action". Only an additional basis for finding that her claim was improperly adjudicated.

Since each cause of actions alleges the improper denial of Ms. Thomas's claim and each cause of action is sufficiently significant to require reversal of the denial, each was pleaded as a separate cause of action. They are not asserted as a "private right of action", but as the separate basis of Defendants' misconduct requiring remedy under section 502(a)(1)(B).

## CONCLUSION

For the above stated reasons, Plaintiff requests that the Court deny Defendants' Motion to Dismiss the Five Causes of Action as "private rights of action", or that alternatively, that Plaintiff be permitted to submit an amended complaint.

Respectfully submitted,

Robert Bach
Attorney for Plaintiff
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-687-2123(Fax)
rjbachesq@hotmail.com

New York, NY
May 16, 2011