UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MARIE TAMARA THOMAS,

                Plaintiff,

-against-

THE HARTFORD LIFE INSURANCE COMPANY OF
AMERICA, and THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF JPMORGAN
CHASE BANK,

                Defendants.
--------------------------------------------------------------------X

Civil Action No.:
11 Civ. 1490 (LLS) (ECF)

**ANSWER TO AMENDED COMPLAINT**

DOCUMENT
ELECTRONICALLY FILED

     Defendants, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") s/h/a THE HARTFORD LIFE INSURANCE COMPANY OF AMERICA and THE GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF JPMORGAN CHASE BANK (the "Plan") (collectively "Defendants"), by its attorneys, Sedgwick LLP, as and for its Answer to Plaintiff's Amended Complaint, respectfully set forth the following upon information and belief:

**INTRODUCTION**

     FIRST.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of Plaintiff's Amended Complaint as alleged.

     SECOND. Deny each and every allegation contained in paragraph "2" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiff's claim for short term disability ("STD") benefits was approved by the Hartford effective January 12, 2007. Defendants also admit that Hartford informed the plaintiff that she was not entitled to LTD benefits under the terms of the Plan by adverse determination letter dated October 8, 2009, and Hartford informed the plaintiff that it upheld its initial adverse determination on her administrative appeal by letter dated February 2, 2009.

1

THIRD. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of Plaintiff's Amended Complaint as alleged, and respectfully refer all questions of law to the Honorable Court.

FOURTH. The statements in paragraph "4" of the Amended Complaint are improper as they are not allegations, but rather requests for relief from the Court, to which no response is required. To the extent a response is required, Defendants deny that the Plaintiff is entitled to the relief she is requesting.

## JURISDICTION

FIFTH. The allegations in paragraph "5" of the Amended Complaint relate to questions of law, to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over this matter.

## VENUE

SIXTH. The allegations in paragraph "6" of the Amended Complaint relate to questions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph "6," but admit that venue is proper.

## THE PARTIES

**Plaintiff-Marie Tamara Thomas**

SEVENTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of Plaintiff's Amended Complaint as alleged, and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of Plaintiff's Amended Complaint as alleged, and respectfully refer to

the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

NINTH.   Deny each and every allegation contained in paragraph "9" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that Hartford issued a Group Long Term Disability Policy of Insurance numbered GLT-675174 to JPMorgan Chase Bank ("Chase") to fund benefits under the Group Long Term Disability Plan for Employees of JPMorgan Chase Bank (the "Plan").

TENTH.   The allegations in paragraph "10" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants admit that the Plaintiff was a participant in the Plan on January 5, 2009.

**<u>Defendant – Group Long Term Disability Plan for Employees of JPMorgan Chase Bank</u>**

ELEVENTH.   Deny each and every allegation contained in paragraph "11" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that Hartford issued a Group Long Term Disability Policy of Insurance to Chase to fund benefits under the Plan.

TWELFTH.   The allegations in paragraph "12" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph "12," but admit that Chase was designated as both the Plan Administrator and Plan Sponsor under the Plan.

THIRTEENTH.   The allegations in paragraph "13" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph "13" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that Hartford issued a Group Long Term Disability Policy of Insurance to Chase to fund LTD benefits under the Plan, which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").

FOURTEENTH.  Deny each and every allegation contained in paragraph "14" of Plaintiff's Amended Complaint as alleged except admit that Hartford is duly licensed to conduct the business of insurance in New York and has its principal place of business in Simsbury, Connecticut.

FIFTEENTH.   The allegations in paragraph "15" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph "15" of Plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Hartford, as the Claims Administrator for the LTD Plan acted as a fiduciary only when and to the extent that it exercised discretionary authority under the Plan.

SIXTEENTH.   Deny each and every allegation contained in paragraph "16" of Plaintiff's Amended Complaint.

SEVENTEENTH.    Deny each and every allegation contained in paragraph "17" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the

facts and circumstances recorded therein, including the complete definition of "Disability" or "Disabled" under Plan.

EIGHTEENTH.   Deny each and every allegation contained in paragraph "18" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, including the complete definition of "Your Occupation" under Plan.

NINETEENTH.   Admit.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S FIRST CAUSE OF ACTION

TWENTIETH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of Plaintiff's Amended Complaint as alleged.

TWENTY-FIRST. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of Plaintiff's Amended Complaint as alleged.

TWENTY-SECOND.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of Plaintiff's Amended Complaint as alleged.

TWENTY-THIRD.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of Plaintiff's Amended Complaint as alleged.

TWENTY-FOURTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of Plaintiff's Amended Complaint as alleged.

TWENTY-FIFTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of Plaintiff's Amended Complaint as alleged.

TWENTY-SIXTH.		Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of Plaintiff's Amended Complaint as alleged.

TWENTY-SEVENTH.	Deny each and every allegation contained in paragraph "27" of Plaintiff's Amended Complaint.

TWENTY-EIGHTH.	Deny each and every allegation contained in paragraph "28" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that after a thorough review of Plaintiff's entire claim file, Hartford, by letter dated October 8, 2009, informed Plaintiff that pursuant to the terms of the Plan, she was not entitled to LTD benefits.

TWENTY-NINTH.		Deny each and every allegation contained in paragraph "29" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated January 11, 2010, the Plaintiff appealed Hartford's initial adverse benefit determination.

THIRTIETH.	Deny each and every allegation contained in paragraph "30" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit that after a thorough review of Plaintiff's entire claim file, including the documentation submitted on appeal, Hartford upheld its initial adverse benefit determination by letter dated February 2, 2010.

THIRTY-FIRST.   Deny each and every allegation contained in paragraph "31" of Plaintiff's Amended Complaint.

THIRTY-SECOND.   The allegations in paragraph "32" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants admit the allegation in paragraph "12" of the plaintiff's Amended Complaint.

THIRTY-THIRD. Deny each and every allegation contained in paragraph "18" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, including the complete definition of "Your Occupation" under Plan.

THIRTY-FOURTH.   Admit.

THIRTY-FIFTH.  The allegations in paragraph "35" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph "35" of Plaintiff's Amended Complaint.

THIRTY-SIXTH.  Deny each and every allegation contained in paragraph "36" of Plaintiff's Amended Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SEVENTH.   Defendants deny each and every allegation contained in paragraph "37" of Plaintiff's Amended Complaint.

THIRTY-EIGHTH.     The allegations in paragraph "38" of the Amended Complaint relate to questions of law, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph "38" of Plaintiff's Amended Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S SECOND CAUSE OF ACTION

THIRTY-NINTH. In response to paragraph "39" of plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "38" inclusive, with the same force and effect as if more fully set forth at length herein.

FORTIETH.     Deny each and every allegation contained in paragraph "40" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

FORTY-FIRST.    Deny each and every allegation contained in paragraph "41" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S THIRD CAUSE OF ACTION

FORTY-SECOND.     In response to paragraph "42" of plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "41" inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-THIRD.  Deny each and every allegation contained in paragraph "43" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

FORTY-FOURTH.     Deny each and every allegation contained in paragraph "44" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-FIFTH.   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Hartford and the Plan.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-SIXTH.   The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Amended Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-SEVENTH.   Hartford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for his claims in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH.   All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-NINTH.   Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTIETH.   Plaintiff has not properly pled a claim for attorney's fees under ERISA.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST.    Hartford, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Hartford's decision making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FIFTY-SECOND. To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Hartford determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTY-THIRD.    The Court's review of plaintiff's claims against Defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Hartford in the regular course of its business.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

**FIFTY-FIFTH.** Plaintiff's request for attorney's fees is premature and improper because she has not achieved any success on the merits.

**WHEREFORE**, defendants Hartford and the LTD Plan pray:

1. That the action be dismissed, or that judgment be entered in favor of Defendants Hartford and the Plan and against plaintiff;
2. That Defendants Hartford and the LTD Plan be awarded costs of suit incurred herein;
3. That Defendants Hartford and the LTD Plan be awarded reasonable attorney's fees; and
4. That Defendants Hartford and the LTD Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 12, 2010

                                        Respectfully Submitted,

                                        s/_____
                                        MICHAEL H. BERNSTEIN (MB-0579)
                                        MATTHEW P. MAZZOLA (MM-7427)
                                        SEDGWICK, LLP
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        Telephone: (212) 422-0202
                                        Facsimile:  (212) 422-0925
                                        (SDMA File No. 2489-000090)
                                        **Attorneys for Defendants**
                                        JPMORGAN CHASE GROUP LONG TERM
                                        DISABILITY PLAN and HARTFORD LIFE AND
                                        ACCIDENT INSURANCE COMPANY

## CERTIFICATE OF SERVICE

      I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached **ANSWER TO THE AMENDED COMPLAINT** was served via ECF and Regular Mail on this 12th day of July 2011, upon the following:

> Robert J. Bach, Esq.
> 60 East 42nd Street
> 40th Floor
> New York, New York 10165

> s/
> MATTHEW P. MAZZOLA (MM 7427)

Dated:    New York, New York
             July 12, 2011