Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
rjbachesq@hotmail.com
Attorney for Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MARIE TAMARA THOMAS

                   PLAINTIFF

against

THE HARTFORD LIFE INSURANCE COMPANY
OF AMERICA, THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF
JPMORGAN CHASE BANK.

                  DEFENDANTS

---------------------------------------------------------------X

Index No.:
11 Cv 1490 (LLS)

ECF CASE

## PLAINTIFF'S PROPOSED STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff submits the following statement of material facts in support of her Motion

for Summary Judgment which Plaintiff believes there is no genuine issue to be tried.

**Marie Tamara Thomas**

1.    Marie Tamara Thomas ("Thomas"), the plaintiff in this action, was employed by

Chase since 2002.  (Affidavit of Marsha L. Macko in Support of Defendants,

Motion for Summary Judgment, Exhibit B. "Claims File of the Hartford Life

Insurance Co. for the claim of Marie Tamara Thomas", Bates number: Thomas

00062; hereinafter: "(AR: ___)".

2.    At all times relevant, Ms. Thomas was employed in JPMorgan Chase's ("Chase")
      offices in New York, NY. (AR:152)

3.    Hartford issued a long term disability insurance policy (Policy Number GLT
      675174) effective January 1, 2005 ("Policy")  to Chase to provide benefits to the
      participants in the Group Long Term Disability Plan for Employees of JPMorgan
      Chase Bank ("LTD Plan").(Affidavit of Marsha L. Macko, Exhibit A. "LTD Policy of
      the Plan, Bates number: Thomas 00001 - 00039, pages 4 and 5; hereinafter:
      "(PD: ___)"

4.    Plaintiff was a participant in the LTD Plan.(AR:109-115; 101-103).

## JP MorganChase Bank.

5.    At all times relevant, Chase had its principal offices at One Chase Manhattan
      Plaza, 20th Floor, New York, NY 10005-1402. (PD: 33).

6.    Chase was issued the long term disability policy by Hartford to provide the
      benefits for the LTD Plan. Chase was the Plan Sponsor of the LTD Plan and the
      Plan Administrator of the LTD Plan.  (PD: 33 ).

## Group Long Term Disability Plan for Employees of JPMorgan Chase Bank

7.    The Group Long Term Disability Plan for Employees of JPMorgan Chase Bank
      ("LTD Plan") is an "employee welfare benefit plan" within the meaning of ERISA,
      29 USC 1002(1), and provides benefits through the Policy. (PD: 33 ).

## Hartford Life and Accident Insurance Company

8.    Hartford Life and Accident Insurance Company ("Hartford") has its offices in
      Simsbury, Connecticut. (PD: 34).

2

9.   Hartford was the administrator of the Policy and had the responsibility to
     determine if the plan participants were eligible for benefits. Hartford was a plan
     fiduciary.(PD: 36).

10.  As the insurer and administrator Hartford was at risk and had a financial interest
     in the results of the adjudication of the benefit claim. (PD: 1-39).

**The Policy**

11.  The Policy issued by Hartford defined "Disability" or "Disabled", in relevant part,
     as:

     1.   During the Elimination period, you are prevented from performing one or
          more of the Essential Duties of Your Occupation

     2.   For the 24 months following the Elimination period, you are prevented
          from performing one or more of the Essential Duties of Your Occupation,
          and as a result, your Current Monthly Earnings are earnings are less than
          80% of your Indexed Pre-disability earnings.

     3.   After that, you are prevented from performing one or more of the Essential
          Duties of Any Occupation. (PD:  21)

12.  The Policy defines "Your Occupation" as:

     Your Occupation, ... means your occupation as it is recognized in the general
     workplace. Your Occupation does not mean the specific job you are performing
     for a specific employer or at a specific location. (PD:  24)

13.  The term "general workplace" is not defined by the Policy. (PD: 1-39);

14.  The Policy does not specify what rules or what source Hartford has to utilize for
     ascertaining the definition of "your occupation" in the general workplace.  (PD: 1-

3

39)

15.   The Policy defines "Essential Duty" as:

"Essential Duty means a duty that:

1.   is substantial, not incidental;

2.   is fundamental or inherent to the occupation; and,

3.   can not be reasonably omitted or changed.

To be at work for the number of hours in your regularly scheduled workweek is also an Essential Duty". (PD:  21)

## Ms. Thomas' Medical History

16.   Ms. Thomas has a long medical history. In 1983 she was diagnosed with a synovial cell sarcoma in the right proximal femur. The lesion was resected and her hip and femur were replaced with a prosthesis, three quarters of her hamstring were removed and she had chemotherapy. (AR:267)

17.   In 1987, her hip was dislocated and operative revisions were made to her prosthesis. (AR:267)

18.   In June, 1992 she had a total right hip replacement.(AR:267)

19.   In September, 2001 she had a third total hip replacement. (AR:267)

20.   Also during this period she had breast cancer surgery (1995), colon cancer surgery and chemotherapy (2003), and a hysterectomy (2005). (AR:267)

21.   In March, 2006 she had carpel tunnel surgery in both wrists. (AR:267)

22.   In 2008 her hip condition started to deteriorate and it became more difficult to do the essential duties of her job. (AR:268)

4

23     In 2009, she could no longer perform the essential duties of her job. (AR:268)

**Short Term Disability Claim**

24.    In January, 2009,  Ms. Thomas applied for a short term disability benefit from

       Chase. (AR: 62 )

25.    Hartford is the administrator of Chase's short term disability plan. (AR: 41-61)

26.    Hartford awarded Ms. Thomas a short term disability benefit for the full benefit

       period. (AR: 57 and AR:54)

**The Long Term Disability Claim and Claim Denial**

27.    In April, 2009 Hartford forwarded her claim to LTD for continued handling.

       (AR: 41)

28.    In April and May, 2009 Ms. Thomas started the application process to apply for a

       long term disability benefit from the LTD Plan, (AR:98 and 99)

29.    From May, 2009 through September, 2009, Hartford processed Ms. Thomas'

       claim. (AR: 41-75).

30.    Hartford retained Dr. William Andrews to review her claim and the medical

       evidence submitted. (AR:245-248).

31.    Dr. Andrews report concluded that:

       she [could work] ... in a strictly sedentary capacity job sitting for 1-2 hours at a
       time for a total of 6-7 hours per shift with the ability to shift positions as needed;
       walking/standing for 30 minutes at time for a total of 2-3 hours per shift with the
       understanding that she can not do fast walking; no carrying; lifting limit of 5-7
       pounds occasionally; no bending, twisting, or stooping; no climbing, crawling; no
       limitation on hand usage; no rapid reaching.  (AR:246)

32.    Dr. Andrews also made an assessment of her condition:

       Ms. Thomas has significant limitations because of her early hip replacement with

5

revisions already. This would limit her activities outlined above. She would not be able to be on her feet for any significant period of time and would not be able to walk fast, lift, etc. Her restrictions would be permanent. She may need further surgery for the hip in the future. Her lumbar arthritis exacerbates her issues and makes her gait more unsteady and contributes as a cause for some of her limitations. (AR:246)

33.   The Hartford's Vocational Rehabilitation Clinical Case Manager determined that

the essential duties and corresponding physical demands for the [employee's] own occupation as a Product Marketing Associate for the [employer] is mostly equal to the occupation as found in the national economy, as defined by the DOT, Research and Development Director, 189-117-014. The DOT occupational code mostly fits the tasks and demands as outlined by the [employer] according to the job description on file. (AR:162).

34.   In a letter dated October 8, 2009  Hartford (Brown-Calderon) denied Ms.

Thomas' claim (AR:109-115).

**The Appeal and Denial.**

35.   By letter dated January 11, 2010  Ms. Thomas by her attorney filed an appeal

challenging the denial of her claim. (AR:143-161).

36.   In a letter dated February 2, 2010, Hartford denied the appeal. (AR:101-103).


New York, NY                          s/Robert Bach

May 7, 2012                           Robert J. Bach, Esq.
                                     60 East 42nd Street
                                     40th Floor
                                     New York, NY 10165
                                     212-867-4455
                                     rjbachesq@hotmail.com
                                     Attorney for Plaintiff.