UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIE TAMARA THOMAS,    Civ. Act. No.: 11 Civ. 1490 (LLS)(ECF)
          Plaintiff,

    -against-    **DEFENDANTS' COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT**

THE HARTFORD LIFE INSURANCE COMPANY OF
AMERICA, and THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF    DOCUMENT
JPMORGAN CHASE BANK,    ELECTRONICALLY FILED

          Defendants.
------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern Districts of New York, Defendants, Hartford Life and Accident Insurance company ("Hartford") s/h/a The Hartford Life Insurance Company of America and The Group Long Term Disability Plan for Employees of JPMorgan Chase Bank (the "Plan") by its attorneys, Sedgwick LLP, submit this Counter Statement to Plaintiff's Rule 56.1 Statement dated May 7, 2012, as follows:

## PRELIMINARY STATEMENT

Defendants state that they filed their Rule 56.1 Statement of Material Facts dated May 20, 2011, in support of their own motion for summary judgment. Rather than restating those statements herein, Defendants respectfully refer this Court to their Rule 56.1 Statement for supplemental facts asserted in opposition to Plaintiff's motion for summary judgment.

## PRELIMINARY OBJECTIONS

1.    Defendants object to each and every Statement to the extent that Plaintiff has failed to include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV. PROC.

2.    Defendants object to each and every Statement that references evidence that was not identified in a Rule 26(a) Disclosure Statement, or otherwise, produced in discovery.

3.    Defendants object to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

1

4. Defendants object to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiff's alleged entitlement to benefits.

5. Defendants object to each and every Statement to the extent that it treats issues of law as issues of fact.

6. Defendants object to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7. Defendants object to each and every Statement to the extent it is not a short and concise statement.

**RESPONSES**

1. Admit.

2. Deny this Statement, except admit that Thomas stated that she worked at several of JPMorgan Chase Bank's ("Chase") offices in Manhattan, New York. (152)[1].

3. Deny this Statement, except admit that Hartford issued a group policy of insurance to fund benefits under the Plan, identified by policy number GLT-675174, effective January 1, 2005. (1-40).

4. Admit.

5. Deny this Statement, except admit that the Plan lists Chase's address as One Chase Manhattan Plaza, 20th Floor, New York, NY 10005-1402. (33).

6. Object on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, Defendants deny this Statement, except admit that Hartford issued a group policy of insurance ("Policy") to fund benefits under the Plan, identified by policy number GLT-675174, effective January 1, 2005. (Complaint ¶¶ 1, 9; 4-5).

---

[1] All references to numbers "THOMAS000001" through "THOMAS000039" are to the Bates Stamped pages annexed as Exhibit "A" of the Declaration of Marsha L. Macko dated April 26, 2012 (the "Macko Dec."). All references to numbers "THOMAS000040" to "THOMAS000319" are to the Bates Stamped pages annexed as Exhibit "B" to the Macko Dec. All references to the "Complaint" are to the Amended Complaint dated June 14, 2011 and annexed as Exhibit "C" to the Declaration of Michael H. Bernstein dated May 7, 2012.

Defendants further admit that the Plan terms reflect that Chase was the Plan Sponsor and Plan Administrator. (33).

7. Object on the grounds that this Statement is not a short and concise statement. To the extent a response is required, Defendants deny this Statement, except admit that Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et. seq.* ("ERISA"), which was funded by benefits under the Policy. (Complaint ¶¶1, 3, 5, 13; 33-38).

8. Deny this statement, except admit that Hartford has an office in Simsbury, Connecticut. (34).

9. Object on the grounds that this Statement is not a short and concise statement. To the extent a response is required, Defendants deny this Statement, except admit that Hartford was the claim administrator for the Plan and the claim fiduciary for benefits provided under the Policy. (Complaint ¶ 15; 19, 36). Defendants also admit that the Plan provides that "[Hartford] [has] full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." (19; 33).

10. Object on the grounds that this Statement consists of plaintiff's incorrect statements of law, not fact. Defendants also object on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, the Defendants deny this statement. (*See* Macko Dec.; *see also* Declaration of Bruce Luddy dated April 24, 2012).

11. Object on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, the Defendants admit this statement.

12. Object on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, the Defendants admit this statement.

13. Admit.

14. Admit.

15. Object on the grounds that this Statement is convoluted and unintelligible as written and therefore is not a short and concise statement. To the extent a response is required, the Defendants admit this statement.

16. Object on the grounds that this Statement is not a short and concise statement. To the extent that a response is required, Defendants admit this Statement, but deny that the document cited by plaintiff reflects that three quarters of her hamstring were removed. (267).

17. Admit.

18. Admit.

19. Admit.

20. Deny, except admit that Thomas had breast cancer surgery in 1995, colon cancer surgery and chemotherapy in 2003, and a hysterectomy in 2006. (*Id.*).

21. Admit.

22. Deny because the record evidence cited does not reflect the proposition for which it is being cited. (268).

23. Deny because the record evidence cited does not reflect the proposition for which it is being cited. (*Id.*).

24. Admit.

25. Deny, except admit that Hartford is the claim administrator of Chase's short-term disability ("STD") Plan. (41-61).

26. Admit.

27. Deny, except admit that on February 16, 2009, the Hartford LTD claims department accepted the transition of Thomas's claim for LTD benefits for consideration. (100).

28. Deny, except admit that on May 1, 2009, Hartford conducted an initial telephone interview with Thomas regarding her claim for LTD benefits. (99-98).

29. Deny, except admit that Hartford commenced its review of Thomas's claim for LTD benefits in May 2009 and issued its initial adverse benefit determination on October 8, 2009. (99-98; 109-115).

30. Deny, except admit that Hartford referred Thomas's claim file to independent medical record peer review vendor Reliable Review Services (RRS) and requested that it retain an orthopedic surgeon to conduct an independent medical record peer review of Thomas's medical records. (247-248). RRS subsequently retained Dr. William Andrews. (245-246).

31. Admit.

32. Admit.

33. Admit.

34. Deny, except admit that in a letter dated October 8, 2009, Hartford informed Thomas that it determined that she was no longer disabled under the terms of the Plan. (109-115).

35. Admit.

36. Deny, except admit that after reviewing Thomas's claim on appeal, including the information submitted for the first time on appeal, Hartford determined that Thomas was not disabled under the terms of the Plan and issued its final adverse benefit determination letter dated January 11, 2010. (101-103).

Dated: New York, New York
May 29, 2012

Respectfully submitted,

s/
Michael H. Bernstein (MB-0579)
Matthew P. Mazzola (MM-7427)
SEDGWICK LLP,
*Attorneys for Defendants*
125 Broad Street, 39th Floor
New York, New York 10004
Tel: (212) 422-0202
Fax: (212) 422-0925
[SDMA File No, 02489-000122]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **DEFENDANTS' COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT** was served via regular mail and ECF on May 29, 2012 upon:

> Robert J. Bach, Esq.
> 60 East 42nd Street, 40th Floor
> New York, New York 10165

s/_____
Matthew P. Mazzola (MM-7427)