Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-687-2123 (Fax)
rjbachesq@hotmail.com
Attorney for Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIE TAMARA THOMAS

              PLAINTIFF

against

THE HARTFORD LIFE INSURANCE COMPANY
OF AMERICA, AND THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF
JPMORGAN CHASE BANK.

              DEFENDANTS
-----------------------------------------------------------------X

Index No.:
11 Cv 1490 (LLS)

ECF CASE

## PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT.

Pursuant to Local Rule 56.1 of the United States District Court of the Southern District of New York, Plaintiff responds to defendants statement of material facts which it submits that there are no material facts to be tried.

Plaintiff admits that there is no dispute to the allegations in Defendants Rule 56.1 statement except as otherwise noted as follows:

### BACKGROUND

7.    Plaintiff admits the allegations in this paragraph, but also asserts that she was unable to work because of other medical conditions and because of the physical demands of her job (Declaration of Marsha Macko, dated April 26, 2012, Exhibits

A and B, Bates number page Thomas 000052; hereinafter "( __ )".

## HARTFORD'S REVIEW OF THOMAS'S CLAIM FOR SHORT-TERM DISABILITY BENEFITS

**A. Thomas's Leave of Absence Form**

3. Plaintiff admits the allegations of this paragraph, but further asserts that in fact she worked 11 plus hours per day.(52)

**B. Thomas' Notice and Proof of Claim for STD Benefits**

7. Plaintiff denies the allegations in this paragraph, and asserts that her job was Product Marketing/Management(305).

13. Plaintiff admits the allegations of this paragraph, but asserts that the date of Dr. Lane's statement was January 15, 2009 (306).

**C. Hartford's Claim Interview**

19. Plaintiff deny's the allegations of this paragraph, and asserts that she was hired on May 13, 2002, and was currently earning a salary of $90,000 per year (52). .

39  Deny the allegations in this paragraph and assert that Ms. Thomas took Actonel which is a prescribed drug.(252)

**D. Hartford Refers Thomas' Claim for Continuing STD benefits to a Hartford Case Manager**

61. Plaintiff admits the allegations of this paragraph and further assets that Ms: Herrera stated:

> Based on MCM review, EE continues to be functionally impaired due to increased pain, muscle deterioration, weakness and difficulty walking. Based on EEs condition is not apparent she improvement to function is anticipated, therefore benefits extended through ben end date of 07/05/2009 and claim forwarded to LTD for further review.  (42)

## PERTINENT LTD PLAN PROVISIONS

67. Plaintiff admits the allegations of this paragraph and further asserts that Hartford was "the claims fiduciary for benefits provided under the Policy" to the Plan. (33)

## THOMAS' CLAIM FOR LTD BENEFITS UNDER THE "OWN OCCUPATION" DEFINITION

75. Plaintiff denies the allegations in this paragraph(283 and 259).

A. **Hartford's Initial Claim Interview Regarding Thomas' Claim for Ltd Benefits.**

B. **Thomas' LTD Questionnaire - May 14, 2009**

C. **Ms. Brown Calderon Requests Further Information from Dr. Lane Regarding Her Functional Capacity**

D. **Dr. Lane's APS dated June 4, 2009**

99. Plaintiff admits the allegations in this paragraph and further asserts he said it was "N/A". (258)

104. Plaintiff admits the allegations in this paragraph and further asserts that she left a voice mail message requesting rtc. Need job description and PDA.(95)

E. **Thomas' Medical Records from Dr. Lane's Office**

   1. **Full Body Bone Scan - December 17, 2008**

115. Plaintiff admits the allegations in this paragraph and further asserts that the report also stated that "Scattered foci of benign activity as above. If clinically warranted, plain film evaluation of the right hip and femur is recommended". (269)

   2. **CT Scan of Thomas' Abdomen and Pelvis - January 7, 2009**

116. Plaintiff admits the allegations in this paragraph and further asserts that the scan showed "extensive atrophy with a replacement of right luminal musculature within gluteus and iliopsoas muscles". (271)

### F. Thomas' Desription and Physical Demand Analysis

135. Plaintiff admits the allegations in this paragraph and further asserts that it was the second request made to Chase (N. Rosato) (171)

144. Plaintiff denies the allegations in this paragraph and further asserts that although Mr. Rosato said that the Thomas' job was performed at a desk on the trading floor(170), Ms. Thomas asserts that it was necessary for her to leave the desk frequently particularly while the market was open to perform the essential duties of her job.(152-156)

147. Plaintiff admits the allegations in this paragraph and further asserts that Rosato subsequently acknowledged that she of had to work 11 hours a day. (166)

### G. Hartford Refers Thomas' File to a Medical Case Manager.

### H. Independent Medical Record Peer Review - Orthopedic Surgeon

174. Plaintiff denies the allegations in this paragraph.

Plaintiff asserts that in his report Dr. Andrews only stated that "all records provided by the Hartford were reviewed"and lists the documents sent for review in his report. Dr. Andrews did not state that he reviewed "all of Thomas' records in her claim file".(245)

Plaintiff also asserts that Dr. Andrews only stated that "Her job requires long periods of standing, up to 11 hours per shift". Dr. Andrews did not state "that Thomas stated that her job required "long hours of standing, up to 11 hours per

shift". (245)

194. Plaintiff denies the allegations in this paragraph, admits that Nurse Buckley reviewed Dr. Lane's response (81) and refers the court to his actual response in quoted paragraph 192 of this Rule 56.1 Statement.

195. Plaintiff denies the allegations in this paragraph, and Nurse Buckley's interpretation of Dr. Lane's response (81), and refers the court to his actual response in quoted paragraph 192 of this Rule 56.1 Statement.

I. **Further Confirmation on Thomas' Position**

197. Plaintiff denies the allegations in this paragraph, admits that Ms. Brown-Calderon noted in her report that according to Nurse Buckley's interpretation Thomas was capable of performing full-time seated work duties, but asserts that Nurse Buckley's interpretation of the Dr. Lane's statement was incorrect and that Nurse Buckley ignored the restrictions set by Dr. Andrews who limited her to sitting 6-7 hours per shift etc (246) as fully quoted in paragraph 180 herein.

202. Plaintiff admits the allegations in this paragraph, but further asserts that she provided additional about her job duties that are not indicated in Ms. Brown Caldron's notes. (79)

206. Plaintiff admits the allegations in this paragraph, but further asserts that Ms. Pope only used Mr. Rosato's description of a job, which he claimed was similar to her job, in preparing her Occupational Analysis. (162)

208. Plaintiff denies the allegations in this paragraph, and refers the Court to the report of Ms. Pope(162), and further asserts that Ms. Thomas' position was not

comparable to a Research and Development Director as defined by the Dictionary of Occupational Titles or in the general workplace. (101-103; 143 et fl.)

209. Plaintiff denies the allegations in this paragraph, and refers the Court to the report of Ms. Pope(162), and further asserts that Ms. Thomas' position was not comparable to a Research and Development Director as defined by the Dictionary of Occupational Titles or in the general workplace. (101-103; 143 et fl.)

210. Plaintiff admits the allegations in this paragraph, and further asserts that "he had only been Ms. Thomas' mgr from June'08 thru Nov.'08 when her position was eliminated"(76)

217. Plaintiff admits the allegations in this paragraph, and further asserts that the letter advised Ms.Thomas that Hartford would need additional time "to extend the decision period". (116)

224. Plaintiff admits the allegations in this paragraph but asserts that Rosato amended his answer to say that "sometimes she is required to work 11 hours per day". (166)

### HARTFORD'S INITIAL ADVERSE BENEFIT DETERMINATION

226. Plaintiff admits that Ms. Brown Calderon made the statements indicated, but assets that those statements were a mischaracterization of Dr. Lane's comments and refers the Court to Dr. Lane's statement as quoted in item 192 herein.

227. Plaintiff admits that Ms. Brown Calderon made the statements indicated, but

assets that those statements were a mischaracterization of Dr. Lane's comments and refers the Court to Dr. Lane's statement as quoted in item 192 herein.

232. Plaintiff denies the allegations in this paragraph and asserts that the Letter of October 8, 2009 states the basis of the denial of her claim (109-115).

233. Plaintiff denies the allegations in this paragraph and asserts that the Letter of October 8, 2009 states the basis of the denial of her claim (109-115)

234. Plaintiff denies the allegations in this paragraph and asserts that the Letter of October 8, 2009 states the basis of the denial of her claim (109-115)

235. Plaintiff denies the allegations in this paragraph and asserts that the Letter of October 8, 2009 states the basis of the denial of her claim (109-115)

237. Plaintiff admits the allegations in this paragraph and further assets that she was told that she would have to make a written request for the records, which she did. (73)

### THOMAS' ADMINISTRATIVE APPEAL OF HARTFORD'S INITIAL ADVERSE BENEFIT DETERMINATION

243. Plaintiff admits the allegations in this paragraph and further asserts that Bach's letter of December 11, 2009 also requested "any notes taken in the interviews of the claimant or employee representatives"(214)

244-256. Plaintiff admits the allegations in these paragraphs and further asserts that Bach's letter of January 11, 2010 plus the exhibits provides the actual arguments made in Thomas' appeal. (143-161).

**A.    New Documentation Thomas' Submitted in Support of Her Administrative**

**Appeal**

### 1. Thomas' Annual Evaluation - 2007

258. Plaintiff admits the allegations in this paragraph and further asserts that Bach's letter of January 11, 2010 plus the exhibit provides the actual text made in Thomas' appeal (143-161).

259. Plaintiff admits the allegations in this paragraph and further asserts that Bach's letter of January 11, 2010 plus the exhibit provides the actual text made in Thomas' appeal (143-161).

### 2. Thomas' Signed Statement - January 11, 2010

261-267. Plaintiff admits the allegations in these paragraphs and further asserts that Bach's letter of January 11, 2010 plus Thomas statement and exhibit provides the actual text made in Thomas' appeal (143-161).

## HARTFORD'S REVIEW AND DECISION ON ADMINISTRATIVE APPEAL

270. Plaintiff denies the allegations in this paragraph and further asserts that the entry in the claims file is provides the complete text of Ms Macko's summary of the claim. (69-70).

### A. HARTFORD REQUESTS A FURTHER OCCUPATIONAL ANALYSIS

273. Plaintiff admits the allegations in this paragraph and further asserts that Ms. Sullivan should have performed the analysis of Ms. Thomas' job as a Product Marketing Associate. (152).

275. Plaintiff denies the allegations in this paragraph and further asserts that Ms. Sullivan should have performed the analysis of Ms. Thomas' job as a Product Marketing Associate and that she failed to consider the Thomas's claim that she worked 55-60 hours per week, that she was required to do product development and that she claimed that she was always running around the floor. Ms. Sullivan accepted Mr. Rosato's statement without any investigation of the truth or that the job description was based on a similar job rather than the actual job, and that the study was incorrectly based on analyst's position not associate's position.(185-187)

276-278. Plaintiff denies the allegations in this paragraph and further asserts that the report of Ms. Sullivan speaks for itself (185-187).

282. Plaintiff denies the allegations in this paragraph and further asserts that Ms Macko did not do a complete investigation.

284. Plaintiff denies the allegations in this paragraph and further asserts that the letter of February 2, 2010 speaks for itself(101-103).

## B.   HARTFORD'S FINAL ADVERSE DETERMINATION

285-294. Plaintiff denies the allegations in these paragraphs, but admits that they are accurate representations as to what is stated in the February 2, 2010 and further asserts that the letter of February 2, 2010 speaks for itself. (101-103)

## HARTFORD'S CLAIM DECISION - MAKING WAS NOT INFLUENCED BY CONFLICT OF INTEREST.

295. Neither admits nor denies the allegations in this paragraph because it applies to all the plans insured and administered by Hartford and not specifically to the Plan and further asserts that because of the size of the premiums paid to Hartford for this Plan, there is an institutional bias in favor of the Plan. (See the Supplemental Affirmation of Robert Bach, Exhibits 3 and 4.

298-300, 302, 309, 311and 313.  Denies the allegations in these paragraph and asserts that because of the size of the premiums paid to Hartford for this Plan, there is an institutional bias in favor of the Plan. *Id*

Respectfully submitted,

May 29, 2009

New York NY

Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-687-2123 (Fax)
rjbachesq@hotmail.com
Attorney for Plaintiff.