Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-687-2123 (Fax)
rjbachesq@hotmail.com
Attorney for Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIE TAMARA THOMAS

               PLAINTIFF

against

THE HARTFORD LIFE INSURANCE COMPANY
OF AMERICA, AND THE GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF
JPMORGAN CHASE BANK.

               DEFENDANTS
-----------------------------------------------------------------X

Index No.:
11 Cv 1490 (LLS)

ECF CASE

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

June 11, 2012
New York, NY

Robert J. Bach, Esq.
60 East 42nd Street, 40th Floor
New York, NY 10165
212-867-4455
212-687-2123(Fax)
rjbachesq@hotmail.com

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| Table of Authorities | | ii |
| I. | Hartford failed to provide Ms. Thomas a full and fair review of her appeal. | 1 |
| A. | Hartford failed to reconcile Ms. Thomas' ability to do some sedentary work with the restrictions set by its own IME. | 1 |
| B. | Hartford failed to review the dispute over the definition of Ms. Thomas' job. | 3 |
| C. | Hartford incorrectly used the Dictionary of Occupational Titles to determine Ms. Thomas' "Occupation in the general workplace". | 6 |
| | 1. Hartford's automatic selection of the DOT was not reasonable. | 7 |
| | 2. Hartford's selection of the Occupations of "Investment Analyst" and "Administrative Secretary" was not reasonable. | 9 |
| Conclusion | | 10 |

# TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| *Barber v. Sun Life,* 2012 U.S. Dist. LEXIS 22607 (D.Ct. Feb. 3. 2012) | 8 |
| *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct 1965 (2003) | 2 |
| *Darvel v. Life Ins. Co. of North America,* 597 F.3d 929 (8Cir. 2010) | 8 |
| *Farr v. Hartford Life and Accident Ins. Co.,* 322 F. App'x 622, 2009 WL 1069181 (10th Cir. 2009) | 4 |
| *Gannon v. NYSA- ILA Pension Trust,* 2011 U.S. Dist. LEXIS 25166, (SDNY 2011) | 4 |
| *Hankins v. Standard Ins. Co.,* 2012 WL 1660951 (8 Cir. May 14, 2012) | 8 |
| *Hines v. Hartford,* 2012 US Dist 45683 (SD. ILL March 29, 2012) | 2 |
| *Jasinski v. Barnhart,* 341 F.3d 182 (2d Cir. 2003) | 8 |
| *Kinstler v. Reliance Standard.* 181 F.3d 243,(2d Cir.1999) | 5,8,9 |
| *Krizek v. Cigna Group Ins,* 345 F.3d 91 (2d Cir. 2003) | 7 |
| *Osborne v. Hartford, Life and Accident Ins. Co.,* 465 F.3d 296 (6 Cir. 2006) | 8 |
| *Schramm v. CNA Financial Corp Insured Group Benefits Program,* 718 F. Supp2d 1151 (ND CA., 2010) | 3 |
| *Smith v. Champion International Corp.,* 573 F. Supp2d 599,620 (DC Ct, 2008) | 2,7 |
| *Stuart v. CVS Corp., Hartford Life Ins. Co.,* 2010 US Dist Court LEXIS 21855 (ED Mich. Southern District, 2010) | 2 |
| *Tsoulas v. Liberty Life Ins. Co. of Boston,* 545 F.3d 69 (1 Cir. 2006) | 8 |
| *Wilkins v. Mason Tenders Dist Council Pension Fund,* 445 F.3d 572 (2nd Cir. 2006) | 6 |

## I. HARTFORD FAILED TO PROVIDE MS. THOMAS A FULL AND FAIR REVIEW OF HER APPEAL.

### A. Hartford failed to reconcile Ms. Thomas' ability to do some sedentary work with the restrictions set by its own IME.

In its Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, pages 15-17, (" Hartford Opp.: __") Hartford claims that it considered whether Ms. Thomas was able to perform her occupation as it was recognized in the general workplace with the restrictions set by Dr. Andrews.[1] Even though it was raised as a specific issue in the appeal (Administrative Record, pages 146-147; "(AR:__)", no such response to that issue was in the Appeal Denial Letter (AR:101-103) or Ms. Sullivan's Occupational Analysis (AR:185-187). Contrary to Hartford's claim, Ms. Sullivan only states that:

> Both occupations [Administrative Secretary and Investment Analyst] as performed in the national economy are of sedentary physical demand. ... The occupational duties are performed mostly sitting and may involve standing or walking for brief periods of time. The physical demands of the above occupations are consistent with those reported by the claimant's supervisor, Nicolas Rosato. (AR:187)

Plaintiff works 11 plus hours per day. Ms. Sullivan concluded that the duties are performed mostly sitting with brief periods of walking, and therefore she would be sitting almost 10 or 11 hours per day. This exceeds Dr Andrews restriction to sitting for 6-7 hours a day, and

---

[1]. Contrary to the statement that Plaintiff did not submit any evidence that she was disabled or that she could not do sedentary work, (Hartford Opp. 2), the medical evidence submitted by Plaintiff, was corroborated by Dr. Andrews, who stated that Ms. Thomas' complaints were consistent with the clinical findings, and that she "had significant limitations because of her early hip replacement" and restricted her activities. (AR: 245-246) His findings also resolved the dispute about the timing of the onset of her disability (See Hartford Opp. 9, fn.8) and the issue was not raised by Hartford in the denial of her claim.

1

therefore Plaintiff can not do one of the Essential Duties of her Occupation. Accordingly, she is disabled under the terms of the plan.

The failure to reconcile Dr. Andrews limitations with Ms. Sullivan's report deprived Ms. Thomas of a full and fair review of her claim. *Smith v. Champion International Corp.*, 573 F. Supp2d 599,620 (DC Ct, 2008)(The plan's reviewer failed to consider non-exertional limitations including "... a limited ability to remain seated for an extended period of time".) Ms Macko in deciding the appeal improperly favored evidence in favor of Hartford, and ignored evidence favorable to Ms. Thomas. *Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834, 123 S.Ct 1965.*

In *Hines v. Hartford*, 2012 US Dist 45683 (SD. ILL March 29, 2012), as in this case, Rowena Buckley administered the medical information on the initial level and Marsha Macko administered the appeal. TheDistrict Court set aside the denial of the Plaintiff's claim for continued benefits by Hartford because of procedural irregularities and favoring evidence in favor of Hartford's denial and rejecting and ignoring evidence favorable to the plaintiff. The Court noted that "... it appears that Macko ignored or failed to consider the context in which the initial denial was made despite the evidence of the mistake in Hartford's records". (Id, at 23).

In *Stuart v. CVS Corp., Hartford Life Ins. Co.*, 2010 US Dist Court LEXIS 21855 (ED Mich. Southern District, 2010) Ms. Macko was the appeal specialist. The Court found that Hartford's determination was not well reasoned and that the quantity and quality of the evidence was insufficient to support the denial of LTD benefit. The Court was critical of her

2

conclusions and her evaluation of the evidence to support the conclusion that the appeal should be denied.

In *Schramm v. CNA Financial Corp Insured Group Benefits Program*, 718 F. Supp2d 1151 (ND CA., 2010) the court granted plaintiff's motion to reinstate her LTD benefits because Hartford as plan administrator (Id., at 1153) had failed to consider the Plaintiff's inability to sit for a full shift. The Court held:

> Because Plaintiff is limited to sitting for no more than three-and-a-half hours per day, the Court is not convinced that she can perform any of these positions, or any sedentary job, on a full-time basis. In its employability analysis report, Defendant erroneously concluded that Plaintiff could work a thirty-hour workweek, or six-hour workdays. As noted above, this figure appears to be the sum of the hours Plaintiff could sit, stand and walk, as stated by Dr. Matossian. Even if Plaintiff could work a six-hour day, she could not sit for more than three-and-a-half hours, and for no more than one hour at a time. It is not likely, as Defendant appears to assume, that Plaintiff could complete her duties in these sedentary occupations while either standing or walking for the balance of her day. (*Id.*, at 1163)

Hartford made the same error here. Based on Mr. Rosato's description of her job, Hartford assumes that because the Occupation is sedentary, Ms. Thomas can do all the sedentary tasks of the job. Based on Dr. Andrews report, she cannot. If on the other hand, Hartford were to follow Ms. Thomas' description of her job, she would be walking and standing over 6 hours a day which far exceeds Dr. Andrews restrictions.

Under either job description, she would be disabled under the terms of the plan. It is clear from the Appeal Denial Letter and Ms. Sullivan's report that Hartford ignored the restrictions set by Dr. Andrews and the Court should award her a disability benefit.

**B.     Hartford failed to review the dispute over the definition of Ms. Thomas' job.**

In the initial claim Hartford obtained a job description from Mr. Rosato, who said that her job was done mainly sitting at her desk and provided a written description of a job that

3

he claimed was "similar" to her job. This was supposedly "verified" by Chase's Human Relations Department. As argued in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, pages 1 and 2, ("Thomas Opp., __") and Plaintiff's Memorandum of Law in Support of her Motion for Summary Judgment, pages 8-12) "(Thomas Sup, __)" the "verification" was merely to send a copy of the previous email Rosato had sent. There was no new independent substantiation.

In her appeal, Ms. Thomas submitted her statement detailing the elements of her job on a typical day and a chart delineating the amount of sitting, standing, and walking she did during the course of a typical day.(AR:157-157)

Hartford did not make any attempt to review this information on appeal. It claims it was not necessary because it already "verified" the job description from Chase in the initial claim and "any further request from Chase to confirm her job description (for a third time) was unnecessary". (Hartford Opp., 10) Hartford did not even send the material to Mr. Rosato or Chase for review and comment. Alternatively, Hartford could have made an attempt to get an actual written description of her job from Chase or interviewed one of her co-workers.

Hartford objects to Plaintiff's suggestion "to get an actual written description of her job from Chase", because the argument was not in Thomas's appeal. Hartford states that "...it is improper for Thomas to raise it now - for the first time during litigation". (Hartford Opp. 11). This is not an accurate statement of the law. See *Gannon v. NYSA - ILA Pension Trust*, 2011 U.S. Dist. LEXIS 25166, (SDNY 2011), citing *Farr v. Hartford Life and Accident Ins. Co.*, 322 F. App'x 622, 628, 2009 WL 1069181, at **5 (10th Cir. 2009) (dicta) ("We have . . . applied a rule barring ERISA claims that were not previously pursued

4

administratively (i.e., claim exhaustion). But we have not extended this rule to bar subsidiary arguments urged on judicial review in support of a claim itself fully exhausted in the administrative process (i.e., issue exhaustion).")

Hartford then states that Rosato did not provide the actual description of Ms. Thomas' job because it no longer existed, and therefore "Mr. Rosato reasonably provided a written job description, including identification of the essential duties of a similar position at Chase that actually did exist at that time, and which he determined was the most similar to the essential duties of Thomas' former position at Chase.(170)." (Hartford Opp. 11) The documents submitted by Rosato make no such statements, directly or inferentially. (AR: 170-171). This argument is particularly questionable considering that Ms. Thomas' job was eliminated only 7 months before the inquiry was made, and because Rosato had been her supervisor and he should have been able to get her actual job description.

Since the number of hours worked in a day was in dispute, as Thomas claimed she worked 11 hours plus at a minimum,(AR: 152-157) and the number of hours worked in a week was an Essential Duty,(AR:21) Hartford should have re-examined and resolved that issue on appeal instead of relying on Rosato's prior statements.

Hartford also claims (Hardford Opp. 14) that when you compare the elements of Ms. Thomas' job to the Occupations found by Ms. Sullivan you will see that they are the same. This is not accurate. Ms Thomas' statement gives a detailed picture of what she had to do during the day on the organized mayhem of the trading floor. Ms. Sullivan's summary is sterile and conclusionary without giving any flavor of the environment in which she was working. This difference is critical in determining her Occupation in the general workplace. See *Kinstler v. Reliance Standard.* 181 F.3d 243, 252- 253 (2d Cir.1999)

5

Before a determination is made as to her "Occupation in the general workplace" her job has to be defined. Hartford made this determination in the denial of her claim, and Thomas appealed that issue. Hartford did not take any steps to review the issue on appeal in violation of the Claims Regulations[2] and therefore did not provided Ms. Thomas with a full and fair review of her appeal. (See Thomas Sup, 10).

### C. Hartford incorrectly used the Dictionary of Occupational Titles to determine Ms. Thomas' "Occupation in the general workplace".

Once the claimant's job is defined, Hartford then determines the claimant's "Occupation in the general workplace" (AR:24) because disability in the Plan is defined as the inability to perform "one or more of the Essential Duties of Your Occupation" "as it is recognized in the general workplace". To make this determination, Hartford referred to the the Dictionary of Occupational Titles("DOT). Plaintiff objected to the use of the DOT because it was not named in the Plan as the source of this information. (AR:144)

In the letter denying the appeal, the Defendants asserted that the plan does not preclude the use of the DOT and that it was used by both the Social Security Administration and insurance companies to determine how occupations are performed in the national economy.(AR:102) Hartford argues that because it has the authority to interpret the provisions of the plan, it has the authority to use the DOT to make its determinations as to how to exercise its discretion, as long as it determinations are not unreasonable. (Hartford Opp.12.)

---

[2]. The issue if Hartford complied with the US Department of Labor Claims Regulations is reviewed by the Court *de novo*. *Wilkins v. Mason Tenders Dist Council Pension Fund*, 445 F.3d 572, 581-582 (2nd Cir. 2006)

6

1.  **Hartford's automatic selection of the DOT was not reasonable.**

As the Administrative Record shows, Hartford's review of the objection to the use of the DOT consisted of a single phone call from Ms.Macko to Ms. Sullivan (AR: 66) who said that the DOT was used by the Social Security Administration and disability carriers in processing disability claims. This is not exactly the kind of review one would expect to be taken by a fiduciary.

The Defendants' leading case for the proposition that the Courts have recognized the DOT as "an appropriate source for determining how occupations are defined in the national economy"(Hartford Opp. 12). is Smith v. Champion International Corp., 573 F. Supp2d 599 (DC Ct, 2008). In that case, there was no challenge to the selection of the DOT as an appropriate source of vocational information. However, the Court in Smith criticized the application of the DOT by the plan:

1.  in some cases the plan's reviewer failed to consider non-exertional limitations including ... a limited ability to remain seated for an extended period of time. (At 620).
2.  In performing Transferable Skills Analysis, the reviewer made no effort to determine whether these positions, which were defined by the DOT in 1977, still existed in the national economy, or whether they were still performed in a similar manner in 1998.(at 625 and 654).

Krizek v. Cigna Group Ins, 345 F.3d 91 (2d Cir. 2003) also cited by Defendants does not support Hartford's position that the DOT is an appropriate source for determining how occupations are defined in the national economy. The sole reference to the DOT was the

7

following sentence:"The letter relied upon the results of the FCE, which concluded that Krizek was "capable of working in a sedentary work demand level per the Dictionary of Occupational Titles for an eight (8) hour day." There was no other discussion of the DOT in the opinion. Similarly, *Jasinski v. Barnhart*, 341 F.3d 182 (2d Cir. 2003) is not relevant because it is a Social Security case and the Social Security Administration its required by Regulation to use the DOT.( Thomas Opp. 3 ) Cf. *Barber v. Sun Life,* 2012 U.S. Dist. LEXIS 22607, (D.Ct. Feb. 3. 2012)  The Court held that the plan fiduciaries could use the DOT, but there was no challenge if the  DOT category was current,(at 21-22), which is relevant here. Further, *Darvel v. Life Ins. Co. of North America*, 597 F.3d 929 (8Cir. 2010), *Tsoulas v. Liberty Life Ins. Co. of Boston*, 545 F.3d 69 (1 Cir. 2006), *Osborne v. Hartford, Life and Accident Ins. Co.*, 465 F.3d 296 (6 Cir. 2006) and *Hankins v. Standard Ins. Co.*, 2012 WL 1660951 (8 Cir. May 14, 2012)[3] are from other circuits and not binding on this court.

On the other hand, *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 253 (2d Cir. 999) held that the type of institution where the plaintiff was employed had to be considered in defining  her "regular occupation". Therefore, the terms "general work place" and "national economy" are not equivalent. Following *Kinstler,* Hartford can not automatically use the jobs in the national economy, but would have to look to the jobs performed in environments similar to Thomas' to determine how "Her Occupation" was defined. *Kinstler, Id.,*("Though [plaintiff's] . . . "regular occupation" is not to be defined so

---

[3] *Hankins* is interesting because the reviewer went outside the DOT and also examined Arkansas state law to determine the claimant's occupation.

8

narrowly as to include only the characteristics of her job at Project Return, it must be defined as a position of the "same general character" as her job, *i.e.*, a director of nursing at a small health care agency, as distinguished from a large general purpose hospital").

Under the Plan a person is disabled if their illness or injury prevents them from performing one or more of the Essential Duties of their Occupation (AR:20) as it is recognized in the general workplace.(AR:24) Therefore, following *Kinstler*, and for the reasons stated in Plaintiff's Opposition to Hartford's Motion for Summary Judgment, the automatic use of the DOT was not reasonable.

### 2. Hartford's selection of the Occupations of "Investment Analyst" and "Administrative Secretary" was not reasonable.

Following Ms. Sullivan's report, Hartford's decision on appeal found that Ms. Thomas' job was similar to the Occupations of Administrative Secretary and Investment Analyst as found in the DOT. (For the reasons stated in Plaintiff's Motion for Summary Judgment and Plaintiff's Opposition for Defendants' Motion for Summary Judgment, p. 4 we submit that the use of the DOT to make these determinations were not reasonable.)

In some instances the DOT analyzed Occupations by industry, as noted in the Occupation Title. Thus the selection of the"Investment Analyst (investment, finance)"[4] reflects that it was industry specific; however, there was no showing that the definition was current or valid for the type of work that Ms. Thomas performed. She worked on an active "fast paced" trading floor,("The Marketing Desk is a fast paced high pressure environment" (AR:164) not some cloistered back room.

---

[4]. See Affirmation of R. Bach in Support of Plaintiff's Motion for Summary Judgment, Exhibit 1.

9

The selection of "Administrative Secretary (all industries)"[5] was done for the national economy and the listing of the elements of that Occupation by Ms. Sullivan (AR:185-186) has almost no relevance to the tasks that Ms. Thomas performed as those tasks are more appropriate to a corporate secretary than someone working on the trading floor, and therefore the selection of the Occupation was not reasonable.

## CONCLUSION

For the above stated reasons, Plaintiff's Motion for Summary Judgment should be granted and Defendants' should be denied. The Administrative Record clearly shows that Hartford did not review or reconsider the issues raised in Plaintiff's appeal and was selective in its application of the evidence to deny Ms. Thomas' claim. And even though some of Hartford's decisions are reviewed under the arbitrary and capricious standard, they were unreasonable and are not entitled to deference.

Respectfully submitted,

June 11, 2012

New York NY

Robert J. Bach, Esq.
60 East 42nd Street
40th Floor
New York, NY 10165
212-867-4455
212-687-2123 (Fax)
rjbachesq@hotmail.com
Attorney for Plaintiff.

---

[5]. Id., Exhibit 2.