ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-1008
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

To The Clerk of The Court
Please docket and place
this document in the public file.

LLS 3/4/13

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sdma.com*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-4-2013

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
JAN 23 2013
UNITED STATES DISTRICT JUDGE

January 22, 2013

*Via Overnight Mail*
Hon. Louis L. Stanton, U.S.D.J
United States District Court For The
Southern District Of New York
500 Pearl Street
New York, NY 10007

Re: *Marie Tamara Thomas v. The Hartford Life Insurance Company of America, et al.*
   Civ. Act. No. 11-cv-1490(LS)
   SDMA File No. 02489-000122

Dear Judge Stanton:

This office represents the Defendants, Hartford Life Insurance Company s/h/a Hartford Life Insurance Company of America, and the Group Long Term Disability Plan for Employees of JPMorgan Chase Bank in the above-referenced matter. We write in response to plaintiff's letter dated January 11, 2013, requesting leave to file a motion for attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

The plaintiff's motion for attorney's fees and costs should be denied because on balancing the five factors identified by the Courts of Appeals for the Second Circuit in *Chambless* v. *Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), concerning whether an attorney's fee award under ERISA§502(g)(1) is appropriate, the factors weigh heavily against awarding any fees to plaintiff. In *Chambless, supra*, the factors reviewed by the Second Circuit are: (1) the degree of the offending party's culpability or bad faith (2) the ability of the offending party to satisfy an award; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of plan participants. The first factor weighs in Hartford's favor because, although the Court remanded this matter to Hartford for reconsideration of the essential duties of plaintiff's position at Chase, the Court overlooked the fact that Hartford confirmed the essential duties of plaintiff's position at Chase, including the hours required of her position, with her Human Resources representative after plaintiff's supervisor at Chase stated that she would sometimes work longer hours than he previously indicated. Thus, Hartford did not act in bad faith. Similarly, the third factor weighs in Hartford's favor because an award of fees would not "deter other persons from acting similarly under like circumstances." Hartford performed a thorough investigation of the essential duties of plaintiff's job at Chase and thus, it is unclear what behavior would be deterred if the plaintiff is awarded attorney's fees. As to the fourth factor, the Court agreed with nearly all of Defendants' arguments in its motion for summary judgment, but denied the motion because it found that Hartford did not confirm the accuracy of the job description provided by the plaintiff's supervisor after a discrepancy arose. The evidence in the Administrative Record does not support this finding because Hartford did, in

NY/857473v1

Hon. Louis L. Stanton, U.S.D.J
Re: Thomas v. Hartford, et. al.
January 22, 2013
Page 2

fact, confirm plaintiff's job description with Chase and thus, the merits of this action favor Hartford. The fifth factor weighs in Hartford's favor because this action does not confer a common benefit on a group of plan participants. The Court's Order remanding this matter back to Hartford for reconsideration does not benefit any plan participant other than the plaintiff, especially considering that Hartford provided the exact review that Court ordered it to perform on remand. Accordingly, since nearly all of the *Chambless* factors favor Hartford, the Court should deny plaintiff's motion for attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

If this Court grants plaintiff leave to file a motion for attorney's fees and costs under 29 U.S.C. § 1132(g)(1), Defendants respectfully reserve their right to submit formal opposition papers in response to the plaintiff's contemplated motion.

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

cc: Robert J. Bach, Esq.

NY/857473v1