ORIGINAL

MEMORANDUM ENDORSED

**ROBERT J. BACH**
ATTORNEY AT LAW
60 EAST 42ND STREET
40TH FLOOR
NEW YORK, NY 10165

212 867 - 4455
212 687 - 2123 (FAX)
rjbachesq@hotmail.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2013

January 11, 2013

RE: Thomas v. The Hartford
Life Insurance Company et al.
11 Cv 1490 (LLS)

*Via Hand Delivery*
Hon. Louis L. Stanton     ECF CASE
US District Judge
District Court of New York
Southern District
500 Pearl Street
New York, NY 10007

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
JAN 14 2013
UNITED STATES DISTRICT JUDGE

Dear Judge Stanton:

In your Memorandum and Order dated December 21, 2012 and filed on the docket on January 2, 2013, you held that Ms. Thomas did not receive "a full and fair investigation" of her claim, and remanded the her claim back to Hartford for reconsideration. (Slip Opinion, page 10). Plaintiff requests a pre-motion conference for permission to file a claim for attorney's fees and costs.

Under ERISA, a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party," *29 U.S.C. § 1132(g)(1)*. In *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158, (2010), the Supreme Court held that although the "prevailing party" standard was not applicable to ERISA's fee shifting statute, (29 USC 1132(g), "a fees claimant must show some degree of success on the merits before a court may award attorney's fees." If that condition is satisfied, the court may then apply the factors established in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987) to determine if an award of attorney's fees is appropriate. See *Levitian v. Sun Life & Health Ins. Co. (U.S.)*, No. 11-2063-CV, 2012 WL 2299302, at *4, 2012 U.S. App. LEXIS 12340 (2d Cir. June 19, 2012).

Plaintiff submits that Your Honor's determination satisfies these requirements.

**"Some degree of success on the merits."**

Although the Supreme Court in Hardt did not "decide . . . whether a remand order, without more, constitute[d] 'some success on the merits' sufficient to make a

[Handwritten endorsement in right margin:] Denied, with leave to renew after Hartford completes the required reconsideration. So Ordered. Louis L. Stanton 3/1/13

party eligible for attorney's fees under § 1132(g)(1)", 130 S. Ct. 2149, 2159, two Courts of Appeal have held that a remand, without more, was "some success on the merits". See *McKay v. Reliance Standard Life Ins. Co.*, 428 Fed Appx 537, 2011 US App. LEXIS, 13143 (6th Cir. 2011) (Plaintiff did not receive the kind of review to which she was entitled under applicable law.) and *Huss v. IBM Medical and Dental Plan*, 418 Fed Appx 498 (7th Cir. 2011).

Here there was more than some degree of success on the merits. In her Amended Complaint Plaintiff requested that "the Court overrule Hartford's denial and order Hartford to pay her benefit; and/or direct Hartford to reconsider Ms Thomas' appeal", Amended Complaint, paragraph 4, because Hartford did not provide a full and fair review as required by section 29 USC 1133 of ERISA. Your Honor agreed with these allegations and remanded the appeal to Hartford for reconsideration.

**The Chambless Factors**

Applying the Court's findings to the *Chambless* factors, it is clear that Plaintiff is entitled to an award of attorney's fees.

**(1)   The degree of the offending party's culpability or bad faith.**

Your Honor found that Hartford did not provide a full and fair review of Thomas' claim because of Hartford's failure to fully evaluate the statements made by Rosato; because Rosato never discussed the degree of physical activity required of Thomas; Rosato's concession that "Thomas' hours were sometimes longer than stated his email"; Rosato's "dismissive attitude".

Your Honor also found that Hartford did not provide a full and fair review of Thomas' appeal because Hartford, "without further research", only considered Rosato's description of Thomas' job and "apparently disregarded" Thomas' description of her position, the performance review where she was instructed to be more "visible" and simply did not conduct a full and objective investigation of the appeal.

In sum the investigation by Hartford was undertaken in bad faith and Hartford is culpable for the violation of Ms Thomas' statutory right to a full and fair review.

**(2)   The ability of the offending party to satisfy an award of attorney's fees.**

Hartford is a major life insurance company with sufficient assets to satisfy an attorney's fee award.

**(3)   Whether an award of fees would deter other persons from acting similarly under like circumstances.**

Section 29 USC §1133 of ERISA. "Claims procedure" provides that "In accordance with regulations of the Secretary, every employee benefit plan shall—

* * * (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

2

Assessing attorney's fees will remind Hartford and other plan fiduciary's to fully and fairly conduct a thorough and objective investigation of a claim and an appeal, that the claimant's evidence should not be ignored and that evidence should not be "cherry picked" to favor the insurance company and the benefit plan.

**(4) The relative merits of the parties' positions.**

Plaintiff alleged that Hartford did not conduct a full and fair review of Thomas' claim and those allegations were sustained by the Court. Hartford selectively choose to evaluate Plaintiff's job based on her supervisor's description of her job without any evaluation of the statement and the detailed chart she submitted. Further, in conducting the review there was no evidence that Hartford sent any of Thomas' appeals materials to her employer for comment or review or made any attempt to get an actual written description of Thomas' job from her employer. Hartford can not claim that Plaintiff's appeal was fully adjudicated.

**(5) Whether the action conferred a common benefit on a group of pension plan participants.**

The US DOL Claims Regulations have been in effect since the 1980's and participants should be guaranteed that their claims and appeals will be fairly adjudicated. It is critical that plans understand that they have to comply with those Regulations and that they will have to reconsider claims, and pay attorney's if they do not. Hartford can not claim that the failure to consider Ms. Thomas' statement and her detailed chart was an inadvertence. There was absolutely no showing that on appeal it considered any of the points she raised with respect to the physical elements of her job.

Accordingly, Plaintiff requests that she be permitted to file a motion for attorney's fees.

Very truly yours,

Robert Bach,
Attorney for Plaintiff

EC:   Michael Bernstein, Esq.
      Matthew Mazzola, Esq.
      Attorneys for Defendants